CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer and Raul Uriarte-Limon**, <br><br>　　Plaintiffs, <br><br>　　v. <br><br>**Stanley Joseph Zor,** in individual and representative capacity as trustee of The Stanley Joseph Zor and Elaine J. Zor Living Trust; **Elaine J. Zor,** in individual and representative capacity as trustee of The Stanley Joseph Zor and Elaine J. Zor Living Trust**; Kevin Shaw**; and Does 1-10, <br><br>　　Defendants. | **Case No**. <br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

   Plaintiffs Chris Langer and Raul Uriarte-Limon complain of Stanley Joseph Zor, in individual and representative capacity as trustee of The Stanley Joseph Zor and Elaine J. Zor Living Trust; Elaine J. Zor, in individual and representative capacity as trustee of The Stanley Joseph Zor and Elaine J. Zor Living Trust; Kevin Shaw; and Does 1-10 ("Defendants"), and allege as follows:

1

Complaint

**PARTIES:**

1. Plaintiff Chris Langer is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Plaintiff Raul Uriarte-Limon is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair for mobility.

3. Defendants Stanley Joseph Zor and Elaine J. Zor, in individual and representative capacity as trustee of The Stanley Joseph Zor and Elaine J. Zor Living Trust, owned the real property located at or about 15919 Lakewood Blvd., Bellflower, California, in July 2019 and September 2019.

4. Defendants Stanley Joseph Zor and Elaine J. Zor, in individual and representative capacity as trustee of The Stanley Joseph Zor and Elaine J. Zor Living Trust, own the real property located at or about 15919 Lakewood Blvd., Bellflower, California, currently.

5. Defendant Kevin Shaw owned Discount Fitness Pros located at or about 15919 Lakewood Blvd., Bellflower, California, in July 2019 and September 2019.

6. Defendant Kevin Shaw owns Discount Fitness Pros ("Store") located at or about 15919 Lakewood Blvd., Bellflower, California, currently.

7. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.
2

Complaint

Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

9. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs' cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

11. Plaintiff Raul Uriarte-Limon went to the Store in July 2019 and Plaintiff Chris Langer went to the Store in September 2019 with the intention to avail themselves of its goods and to assess the business for compliance with the disability access laws.

12. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

13. Unfortunately, on the date of the plaintiffs' visits, the defendants failed to provide accessible parking in conformance with the ADA Standards as it relates to wheelchair users like the plaintiffs.

14. On information and belief the defendants currently fail to provide accessible parking.

15. Additionally, on the date of the plaintiff Raul Uriarte-Limon's visit, the defendants failed to provide accessible paths of travel inside the Store in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

16. On information and belief the defendants currently fail to provide accessible paths of travel.

17. These barriers relate to and impact the plaintiffs' disability. Plaintiffs personally encountered these barriers.

18. By failing to provide accessible facilities, the defendants denied the plaintiffs full and equal access.

19. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiffs.

20. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

21. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

22. Plaintiffs will return to the Store to avail themselves of its goods and to determine compliance with the disability access laws once it is represented to them that the Store and its facilities are accessible. Plaintiffs are currently deterred from doing so because of their knowledge of the existing barriers and their uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiffs will face unlawful and discriminatory barriers again.

Complaint

23. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiffs allege, on information and belief, that there are other violations and barriers on the site that relate to their disability. Plaintiffs will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once they conduct a site inspection. However, please be on notice that the plaintiffs seek to have all barriers related to their disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiffs and against all Defendants.) (42 U.S.C. section 12101, et seq.)

24. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is

  readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

 c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

26. When a business provides parking for its customers, it must provide accessible parking.

27. Here, accessible parking has not been provided.

28. When a business provides paths of travel, it must provide accessible paths of travel.

29. Here, accessible paths of travel have not been provided.

30. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

31. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

32. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiffs is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiffs and against all Defendants.) (Cal. Civ. Code § 51-53.)

33. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

34. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

35. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiffs' rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

36. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiffs pray that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiffs are not invoking section 55 of the California Civil Code and are not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 9, 2019            CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiffs